## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-47 (RDM) |
| | : | |
| HECTOR VARGAS SANTOS, | : | |
| Defendant. | : | |
| | : | |

## <u>JOINT PRETRIAL STATEMENT</u>

Pursuant to this Court's Minute Order on April 18, 2022, the parties hereby submit the attached neutral statement of the case, proposed voir dire, proposed jury instructions, proposed stipulations and proposed verdict form.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:    <u> /s/  *Kimberly L. Paschall* </u>
KIMBERLY L. PASCHALL
KYLE MIRABELLI
Assistant United States Attorneys
D.C. Bar No. 1015665
N.Y. Bar No. 5663166
United States Attorney's Office
Capitol Siege Section
601 D Street NW
Washington, D.C. 20530
202-252-2650
Kimberly.paschall@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-47 (RDM) |
| | : | |
| HECTOR VARGAS SANTOS, | : | |
| Defendant. | : | |
| | : | |

**PROPOSED STATEMENT OF THE CASE**

      This is a criminal case, in which the defendant, Hector Vargas Santos, is charged by Information with four counts: Entering or Remaining in a Restricted Building in violation of 18 U.S.C § 1752(a)(1); Disorderly or Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry or Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). The government alleges that on January 6, 2021, the defendant entered the restricted area of the Capitol grounds on the west side of the Capitol complex. The defendant then went to the West Plaza, where he encountered physical barricades, police officers, and chemical irritants, and yet remained illegally on the grounds. The defendant then made his way to the East side of the Capitol, where he entered the building through the East Rotunda doors and pushed through a line of police officers into the Rotunda. The defendant left the building after approximately 7 minutes, but live-streamed on Facebook from the building before doing so. Mr. Vargas Santos, who is presumed innocent, denies the allegations contained in the Information, has entered a plea of not guilty to all of these charges, and has requested a trial by jury.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-47 (RDM) |
| | : | |
| HECTOR VARGAS SANTOS, | : | |
| Defendant. | : | |
| | : | |

## <u>PROPOSED VOIR DIRE QUESTIONS</u>

1.  This is a criminal case entitled *United States v. Hector Vargas Santos*, 21-cr- 47. The
defendant is charged with four offenses: 18 U.S.C § 1752(a)(1) and § 1752(a)(2), and 40 U.S.C.
§ 5104(e)(2)(D) and § 5104(e)(2)(G).  The defendant was arrested in connection with the events
that occurred at the U.S. Capitol on January 6, 2021. Do you know or have you heard anything
about this specific case?

2.  The Government in this case is represented by AUSA Kyle Mirabelli and Kimberly
Paschall.  Defendant Hector Vargas Santos is represented by Paul Enzinna.  The defendant is a
resident of Jersey City, NJ. Do you know any of these people?

3.  [Each side will introduce its witnesses by name, general area of residence, and
employment.] Do you know any of the witnesses who have been introduced to you?

The next four questions relate to you, members of your immediate family, and close personal
friends:

4.  Does anyone in that group now work for, or has anyone in that group ever worked for,
any law-enforcement agency?  This includes any police department in or outside the District,

special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park

Police, FBI, Dept. of Justice, Homeland Security, sheriffs' departments, Secret Service, or any

other law-enforcement agency.

5.   Has any member of that group ever gone to law school, worked as a lawyer, or worked in

a law office?

6.   Has any member of that group ever been arrested for, convicted of, or charged with a

crime or been a victim of or witness to a crime?

7.   Does any member of that group live or work in or near the U.S. Capitol?

The next set of questions relate just to you:

8.   Do you have any difficulty reading, speaking, or understanding English?

9.   I will be instructing the jury at the end of this trial that the testimony of a law

enforcement witness should be treated the same as testimony of any other witness and that the

jury should not give either greater or lesser weight to the testimony of a law enforcement

witness. Is there any reason you would not be able to follow that instruction?

10. If you are selected as a juror in this case, I will instruct you to avoid all media coverage,

including radio, television, podcasts, and social media, and not to use the internet with regard to

this case for any purpose. That is, you will be forbidden from reading newspaper articles about

this case, listening to radio and podcast stories about this case, watching TV news about this

case, googling this case, blogging or tweeting about this case, or reading or posting comments

about this case on any social media sites. Do you have any reservations or concerns about your

ability or willingness to follow this instruction?

11.  Jurors are the sole judges of the facts. However, the jury must follow the principles of

law as instructed by the judge. The jury may not follow some rules of law and ignore others.

Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions, whatever they may be?

12.   Have you had any unpleasant experiences with the police, a prosecutor, or other law enforcement, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial? Have you had any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial?

13. Have any of you had an experience as a member of a grand jury or as a juror in a previous trial?

14. Do you or someone close to you have any personal or professional connection to events at the U.S. Capitol on January 6, 2021?

15. Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021 on the news or on the Internet?

      a.  If yes, will you have any difficulty putting aside any opinions you may have formed about the people involved in those events, following the law as I explain it to you, and deciding the case in a fair and impartial manner based solely on the evidence presented in court?

16. A House Select Committee has been holding hearings concerning the events at the U.S. Capitol on January 6, 2021. Have you watched the televised hearings of the House Select Committee investigating January 6?

      a.  If yes, will you have any difficulty putting aside any opinions you may have formed about the people involved in those events, following the law as I

explain it to you, and deciding the case in a fair and impartial manner based

solely on the evidence presented in court?

17.  No matter what you have heard or seen about events at the U.S. Capitol on January 6,

2021, and any opinions you might have formed about those events, would you have any difficult

setting your opinions aside and deciding this case in a fair and impartial manner based solely on

the evidence presented in court?

18. As you sit here, do you have an opinion about the defendants' guilt or innocence in this

case?

19. Would serving as a juror in this case be an extreme hardship to you? We expect this trial

may last two to three days.

20. Do you have a health or physical problem that would make it difficult to serve on this

jury?

21. Is there any other reason that would make it difficult for you to sit as a juror in this case?

Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard

for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as

a fair, impartial, and attentive juror in this particular case?

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                              |   |                        |
|------------------------------|---|------------------------|
|                              | : |                        |
| UNITED STATES OF AMERICA     | : |                        |
|                              | : |                        |
| v.                           | : | No.: 21-cr-47 (RDM)    |
|                              | : |                        |
| HECTOR VARGAS SANTOS,        | : |                        |
|            Defendant.        | : |                        |
|                              | : |                        |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties request the following jury instructions.

**A.   Jointly Proposed Jury Instructions**

**I.   Instructions Before and During Trial**

The parties have no objection to the Pattern Criminal Jury Instructions for the District of

Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

**II.   Final Instructions**

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Indictment Not Evidence, Redbook 2.106

8. Burden of Proof, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11.     Nature of Charges Not to Be Considered, Redbook 2.110

12.     Number of Witnesses, Redbook 2.111

13.     Inadmissible and Stricken Evidence, Redbook 2.112

14.     Credibility of Witnesses, Redbook 2.200

15.     Police Officer's Testimony, Redbook 2.207

16.     Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

17.     Statements of the Defendant – Substantive Evidence, Redbook 2.305

18.     Transcripts of Tape Recordings, Redbook 2.310

19.     <u>Count One</u>: Entering or Remaining in a Restricted Building, 18 U.S.C. § 1752(a)(1) [see proposal below]

20.     <u>Count Two</u>: Disorderly or Disruptive Conduct in a Restricted Building, 18 U.S.C. § 1752(a)(1) [see proposal below]

21.     <u>Count Three</u>: Violent Entry or Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

22.     <u>Count Four</u>: Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

23.     Proof of State of Mind, Redbook 3.101

24.     Aiding and Abetting, Redbook 3.200

25.     Multiple Counts – One Defendant, Redbook 2.402

26.     Unanimity—General, Redbook 2.405

27.     Verdict Form Explanation, Redbook 2.407

28.     Redacted Exhibits, Redbook 2.500

29.     Exhibits During Deliberations, Redbook 2.501

30.     Selection of Foreperson, Redbook 2.502

31.     Possible Punishment Not Relevant, Redbook 2.505

32.     Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

33.     Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

34.     Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

35.     Excusing Alternate Jurors, Redbook 2.511

**Proposed Instruction No. 19**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING[1]**

18 U.S.C. § 1752(a)(1)

Count One of the Information charges the defendant with entering or remaining in a restricted building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building without lawful authority to do so.

2. Second, that the defendant did so knowingly.

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.[2]

A person who enters a restricted building with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty of Count

---

[1]   18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

[2]   *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

One unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

**Proposed Instruction No. 20**

**DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING[3]**

18 U.S.C. § 1752(a)(2)

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building.

2.  Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3.  Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[4]

The terms "restricted building" and "knowingly" have the same meanings described in the instructions for Count One.

---

[3]     18 U.S.C. § 1752.

[4]     Redbook 6.643.

**Proposed Instruction No. 21**

**VIOLENT ENTRY OR DISORDERLY CONDUCT IN A CAPITOL BUILDING**

40 U.S.C. § 5104(e)(2)(D)

Count Three of the Information charges the defendant with violent entry and disorderly and disruptive conduct in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. Third, that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[5]

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Two defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[6]

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[5]      40 U.S.C. § 5101

[6]      *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Proposed Instruction No. 22**

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING**

40 U.S.C. § 5104(e)(2)(G)

Count Four of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

2. Second, that the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[7]

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Counts One and Three.

---

[7]    *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  No.: 21-cr-47 (RDM) |
| | : |
| HECTOR VARGAS SANTOS, | : |
| Defendant. | : |
| | : |

## PROPOSED VERDICT FORM

We, the jury in the above-titled case, find the defendant [circle one]:

Count One:  Guilty / Not Guilty  of Entering or Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1).

Count Two:  Guilty / Not Guilty  of Disorderly or Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2).

Count Three:  Guilty / Not Guilty  of Violent Entry or Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D).

Count Four:  Guilty / Not Guilty  of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Dated: _____              _____
                                                              Signature of Foreperson

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-47 (RDM) |
| | : | |
| HECTOR VARGAS SANTOS, | : | |
| Defendant. | : | |
| | : | |

## STIPULATION OF THE PARTIES

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Hector Vargas Santos, with the concurrence of his attorney, Paul F. Enzinna, agree and stipulate to the following:

### *The Capitol Building and Grounds*

By law, the U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured twenty-four hours a day by U.S. Capitol Police (USCP). Restrictions around the Capitol include permanent and temporary security barriers and posts manned by USCP. Only authorized people with appropriate identification are allowed access inside the Capitol. At the U.S. Capitol, the building itself has 540 rooms covering 175,170 square feet of ground, roughly four acres. The building is 751 feet long (roughly 228 meters) from north to south and 350 feet wide (106 meters) at its widest point. The U.S. Capitol Visitor Center is 580,000 square feet and is located underground on the east side of the Capitol. On the west side of the Capitol building is the West Front, which includes variety of open concrete spaces, a fountain surrounded by a walkway, two broad staircases, and multiple terraces at each floor. On January 6, 2021, the inaugural stage scaffolding was on the West Front of the Capitol building. On the East Front are three staircases,

4

porticos on both the House and Senate side, and two large skylights into the Visitor's Center surrounded by a concrete parkway.

On January 6, 2021, the exterior plaza of the U.S. Capitol was closed to members of the public. See Map Outlining Restricted Area on January 6, 2021, attached as Exhibit #. These security barriers included bike racks that were positioned to the north of the U.S. Capitol along Constitution Avenue; to the south of the U.S. Capitol along Independence Avenue; to the west of the U.S. Capitol along First Street on the eastern side of that street; and, on the east side of the U.S. Capitol, between the Capitol Plaza (East Front) and the grassy areas located between the Plaza and First Street. Within the West Front of the Restricted Area there were additional temporary barriers due to preparations and ongoing construction for the Inauguration which was scheduled for January 20, 2021, including green snow fencing and signs stating "Area Closed By order of the United States Capitol Police Board."

On January 6, 2021, the Restricted Area described above and depicted in Exhibit # was a posted, cordoned off, or otherwise restricted area.

### *The Certification of the Electoral College Vote*

On January 6, 2021, a joint session of the United States Congress convened at the U.S. Capitol. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in both the House and Senate chambers of the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on Tuesday, November 3, 2020.

On January 6, 2021, the House of Representatives began its session at approximately 12:00 p.m., the Senate began its session at approximately 12:30 p.m., and the two Houses met together at approximately 1:00 p.m. in the House of Representatives chamber to begin the joint session.

Vice President Mike Pence was in the Capitol building and presiding over the joint session.   At approximately 1:15 p.m., the House and Senate adjourned to their separate chambers for up to two hours to resolve a particular objection.

At approximately 2:12 p.m., Vice President Pence evacuated the Senate chamber, and approximately one minute later the senator who had become the presiding officer in Vice President Pence's absence declared that the Senate would stand in recess.  Senators evacuated the Senate chamber.

At approximately 2:15 p.m., Speaker Nancy Pelosi, who was presiding over the House of Representatives, evacuated the House chamber, and approximately fifteen minutes later the representative who had become the presiding officer in her absence declared that the House would stand in recess.  Representatives evacuated the House chamber.  Other Representative were evacuated later from the House Gallery.

The joint session was suspended.

The Senate and House resumed meeting at approximately 8:06 p.m. and 9:02 p.m., respectively.  Congress's joint session continued until approximately 3:44 a.m. on January 7, 2021, when it completed the certification of the Electoral College vote.

The certification of the vote count of the Electoral College was an "official proceeding" as that term is used in Title 18, United States Code, Section 1512(c)(2) and 1515(a)(1).

### *Officers from the United States Capitol Police and*
### *Washington, D.C., Metropolitan Police Department*

On January 6, 2021, officers from the United States Capitol Police (USCP) on the U.S. Capitol Grounds and in the U.S. Capitol building were engaged in their official duties as officers or employees of the United States or of any agency in any branch of the United States Government,

as those terms are used in Title 18, United States Code, Section 1114.

On January 6, 2021, officers from the Washington, D.C., Metropolitan Police Department (MPD) on the U.S. Capitol Grounds and in the U.S. Capitol building were assisting officers from the USCP who were engaged in their official duties as officers or employee of the United States or of any agency in any branch of the United States Government, as those terms are used in Title 18, United States Code, Section 1114.

### *Identity of the Parties*

The photo below was taken in Washington, DC on January 6, 2021. Defendant Vargas Santos is pictured in Government Exhibits ## below.





<u>The following stipulations have been proposed by the government, and are still under consideration by the defense:</u>

### ***United States Capitol Police Closed Circuit Video Monitoring***

The United States Capitol Police (USCP) operate and maintain closed-circuit video monitoring and recording equipment that captures locations inside and outside of the U.S. Capitol building and on the Capitol grounds. The video equipment timestamps each recording with the date and time at which the footage is captured. The USCP-controlled video equipment was in good working order on January 6, 2021, and video footage recovered from the cameras and equipment with the timestamp of January 6, 2021 is footage from January 6, 2021. The events depicted in the video footage are a fair and accurate depiction of the events at the U.S. Capitol on January 6, 2021, the timestamps on the recordings are accurate, and the video footage was not altered or edited in any way. The video footage is authentic in that it is what it purports to be.

8

### ***Body Worn Camera***

The body worn camera videos are created and maintained by the Metropolitan Police Department.  They are accurate and were created using reliable methods.  The video was not altered or edited in any way.  The video footage, contained in Government Exhibits ##-## is authentic in that it is what it purports to be.  The recording software timestamps each recording with the date and time at which the footage is captured.  The timestamps are accurate.  The video and/or any other copies are "admissible into evidence to the same extent as the original," within the meaning of Federal Rule of Evidence 1003.

### ***Open Source Videos***

The events depicted in the video footage from the Government Exhibits ##-## labeled under the Category "Open Source Videos" are a fair and accurate depiction of the events at the U.S. Capitol on January 6, 2021 and the video footage was not altered or edited in any way. The video footage is authentic in that it is what it purports to be.

### ***Videos Recovered From Private Individuals***

The events depicted in the video footage from the Government Exhibits ##-## labeled under the Category "Videos Recovered from Private Individuals" are a fair and accurate depiction of the events at the U.S. Capitol on January 6, 2021 and the video footage was not altered or edited in any way.  The video footage is authentic in that it is what it purports to be.

### ***Photographs***

The depictions in the photographs from the Government Exhibits ##-## labeled under the Category "Photos" are fair and accurate depictions and the photographs were not altered or edited in any way.  The photographs are authentic in that they are what they purport to be.

9

Respectfully submitted,

FOR THE DEFENDANT                          FOR THE UNITED STATES
                                          MATTHEW M. GRAVES
                                          United States Attorney
                                          D.C. Bar No. 481052

_____      By:    _____

                                          Assistant United States Attorneys
                                          Kimberly L. Paschall
                                          Kyle Mirabelli
                                          Assistant United States Attorneys
                                          Capitol Siege Section
                                          D.C. Bar No. 1015665 (Paschall)
                                          N.Y. Bar No. 5663166 (Mirabelli)
                                          601 D Street, N.W.,
                                          Washington, D.C. 20530
                                          202-252-2650
                                          Kimberly.Paschall@usdoj.gov

10