UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                Plaintiff,

                v.                Case No. 1:21-cr-00047-RDM

HECTOR VARGAS,

                Defendant.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

After a four-day jury trial, Defendant Hector Vargas was convicted of four misdemeanors. Mr. Vargas, through counsel, respectfully submits that the evidence adduced by the government was not sufficient to permit reasonable jurors to find him guilty, beyond a reasonable doubt, on any of the charges against him. Therefore, the Court should grant his Motion for Judgment of Acquittal under Federal Rule of Civil Procedure 29(a).

## LEGAL STANDARD

A court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Federal Rule of Criminal Procedure 29(a). Evidence is insufficient to sustain a conviction when it goes no further than to "raise a question [of guilt] in a reasonable man's mind" or "create suspicion." *Cooper v. United States*, 218 F.2d 39, 42 (D.C. Cir. 1954). Even when evidence raises a "grave suspicion" in a reasonable juror's mind as to guilt, it is insufficient to support a verdict, unless proof of guilt beyond "a reasonable doubt" is possible on the evidence. *Scott v. United States*, 232 F.2d 362, 364 (D.C. Cir. 1956). In other words, "some evidence of guilt" is not enough. *United States v. Valle*, 807 F.3d 508, 515 (2d Cir. 2015). "Equivocal" evidence of guilt is not enough. *United States v. Davis*, 863

F.3d 894, 806 (D.C. Cir. 2017).  Even evidence that shows "the defendant is probably guilty" is not enough.  *Valle*, 807 F.3d at 515.  The standard is met only when the evidence would permit a rational jury to find guilt beyond a reasonable doubt.  *Scott*, 232 F.3d at 364.

Although a court considering a Rule 29 motion must "view[] the evidence most favorably to the government and accord[] the government the benefit of all legitimate inferences therefrom," *United States v. Weisz*, 718 F.2d 413, 437 (D.C. Cir. 1983) (emphasis added), the court may not permit a jury to render a guilty verdict based on "ambiguous evidence" that encourages the jury to "engage in speculation."  *Bailey v. United States*, 416 F.2d 1110, 1116 (D.C. Cir. 1969); *see also United States v. Preston*, 331 F. Supp. 457, 459 (D.D.C. 1971) ("suspicion is not enough to permit the case to go the jury").

At the Rule 29 stage, a court should "not indulge in fanciful speculation or bizarre reconstruction of the evidence," or "view the evidence through dirty window panes and assume that evidence which otherwise can be explained as equally innocent must be evidence of guilt."  *United States v. Recognition Equip. Inc.*, 725 F. Supp. 587, 588 (D.D.C. 1989). "If the evidence is such that reasonable jurymen must necessarily have such a doubt, the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration." *Curley v. United States*, 160 F.2d 229, 233 (D.C. Cir. 1947).

## ARGUMENT

### I. The Evidence is Insufficient to Sustain Defendant's Conviction on Count 1.

Count 1 charged the defendant with entering or remaining in a restricted building without lawful authority, in violation of 18 U.S.C. §1752(a)(1).  There is no dispute that the Defendant entered a restricted building (the United States Capitol) without lawful authority, and remained there (for approximately 7 minutes).  Thus, to obtain a conviction on this charge, the government was required to prove that he did so knowingly.

To act knowingly is to act deliberately and voluntarily, and not inadvertently or by accident. *Browder v. United States*, 312 U.S. 335, 341 (1941); *United States v. Washington*, 705 F.2d 489, 493 (D.C. Cir. 1983). Here, the evidence is crystal clear that the Defendant did not enter the Capitol Building voluntarily, but was pushed in, against his will. That moment was captured on video, in which the Defendant can clearly be seen placing his right arm and hand across his body to hold the edge of the door, and clutching the door for several seconds in an effort to *avoid* entering the building before he is pushed forward. In fact, the videos show the Defendant being turned 180 degrees, until he is facing backwards, away from the Capitol Building, and entering the building sideways. Thus, the Defendant was not pushing to get in – one cannot push forward when facing backward or sideways – but being pushed. No reasonable juror could conclude from this evidence that the Defendant entered the building voluntarily, or knowingly.

Nor was there evidence from which a reasonable juror could conclude, beyond a reasonable doubt, that the Defendant "remained" in the Capitol Building in violation of the statute. While inside the building, the Defendant did not go anywhere except at the direction of the police. He stood quietly against a wall waiting for the police to direct him, and then left in the manner the police directed.

II. <u>The Evidence is Insufficient to Sustain Defendant's Conviction on Count 2</u>.

Count 2 charged the defendant with disorderly or disruptive conduct in a restricted building, in violation of 18 U.S.C. §1752(a)(2). To obtain a conviction on this charge, the government was required to prove that the Defendant knowingly engaged in disorderly or disruptive conduct inside – or in proximity to – the Capitol Building, with the intent to disrupt Congressional proceedings, and that his conduct in fact did impede or disrupt those proceedings.

As the Court instructed the jury, "disorderly" conduct is defined as behavior that is unreasonably loud and disruptive, or that interferes with another person by jostling against or unnecessarily crowding that person. "Disruptive" conduct is defined as "a disturbance that interrupts an event, activity, or the normal course of a process." There is no evidence from which a reasonable juror could conclude, beyond a reasonable doubt, that the Defendant engaged in any conduct within the scope of either definition.

The Defendant was inside the Capitol Building for approximately 7 minutes, all of which was captured by video, and none of which shows him raising his voice or otherwise being "unreasonably loud," or "jostling against or unnecessarily crowding" anyone. The government argued at trial that the Defendant's mere presence in the building was "disorderly" or "disruptive," but the statute criminalizes unauthorized presence in §1752(a)(1); a second conviction under §1752(a)(2) requires more – for example, being "loud," "jostling," or "crowding." *Finally,* there is no evidence that the Defendant's conduct interrupted anything – Congress was in recess the entire time the Defendant was inside the Capitol.

The record is also devoid of evidence from which a reasonable juror could conclude that the Defendant engaged in disorderly or disruptive conduct "in proximity" to the Capitol Building. The government points to two acts by the Defendant –opening a low gate at the West Plaza, and waving a flag on the steps of the Capitol. There is no evidence that either of these acts involved any "loud" conduct, "jostling," or "crowding."

When the Defendant opened the gate, individuals were already entering the area, and there is no evidence that Defendant intended, by entering that area, to disrupt Congressional activity. Moreover, the gate the Defendant opened was not marked in any way suggesting that it should not be opened, and there is no evidence that the police officer standing next to the gate told the Defendant not to open it. And the act of waving a flag outside the Capitol, in

a crowd in which dozens of others were waving flags, is not disorderly or disruptive conduct. Again, the Government argues that the flag waving was disruptive because it resulted in a police officer spending time to ask the Defendant to get down —which he did. But again, this act was not "loud," and did not "jostle" or "crowd" anyone. Moreover, all of this activity took place far enough from the site of the Electoral College vote certification that no reasonable person could conclude that the Defendant opened the gate or waved the flag with knowledge that Congress was engaged in any activity, or with the intent to disrupt any such activity. Nor is there evidence that Defendant's conduct did disrupt that activity, which in any event had been suspended at the time of Defendant's conduct. *Finally,* there is no evidence that any of Defendant's conduct in the Capitol was undertaken with the intent to disrupt a proceeding or official government business.

III.     The Evidence is Insufficient to Sustain Defendant's Conviction on Count 3.

Count 3 charged the defendant with disorderly and disruptive conduct in the Capitol Building, in violation of 40 U.S.C. §5104(e)(2)(D). For the reasons stated in §II, *supra*, there is no evidence from which a reasonable juror could conclude, beyond a reasonable doubt, that the Defendant engaged in disorderly or disruptive conduct inside the Capitol Building.

IV.     The Evidence is Insufficient to Sustain Defendant's Conviction on Count 4.

Count 4 charged the defendant with parading, demonstrating, or picketing in the Capitol Building, in violation of 40 U.S.C. §5104(e)(2)(G). These terms require more than mere presence – each connotes an action undertaken for the purpose of expressing a point of view. And as this Court held in *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 57 (D.D.C. 2000), defining these terms to include expressive conduct that is not "disruptive" would be an unconstitutional restriction on speech. Therefore, since – as

described above – there is no evidence that Defendant engaged in "disruptive" conduct inside the Capitol, the evidence is insufficient to sustain his conviction on Count 4.

CONCLUSION

For the above reasons, the government's evidence is insufficient to sustain Defendant Hector Vargas' convictions on Counts 1, 2, 3, or 4. Therefore, pursuant to Federal Rule of Criminal Procedure 29(a), the Court should enter a judgment of acquittal.

Dated: December 23, 2022          Respectfully submitted,

 /s/ Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna Levy PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@eellaw.com

Nandan Kenkeremath
DC Bar 384732
USDC DC 384732
2707 Fairview Court
Alexandria, Virginia 22311
703-407-9407

*Counsel for Defendant Hector Vargas*