UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HECTOR EMMANUEL VARGAS SANTOS,<br><br>*Defendant*. | Criminal Action No. 21-47 (RDM) |

### ORDER

For the reasons explained below, it is hereby **ORDERED** that Defendant's Motion for Release Pending Appeal, Dkt. 95, is **DENIED**.

On December 12, 2022, a unanimous jury found Defendant Hector Vargas Santos guilty on all four counts with which he was charged: (1) Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); (3) Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (4) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Dkts. 3 (Information); 64 (Verdict Form).  At sentencing on April 21, 2023, the Court concluded that the Guidelines Range was six to twelve months, but the Court nonetheless varied downward and imposed a sentence of four months of incarceration to be followed by twelve months of supervised release.  *See* Dkt. 88 (Judgment); Rough Hearing Tr. at 37:13–15, 67:17–68:4.  The Court allowed Defendant to self-surrender.  *See* Dkt. 88 at 3.

On April 28, 2023, Defendant filed a notice of appeal to the D.C. Circuit.  *See* Dkt. 90. Then, on June 7, 2023, he filed the pending motion for release pending appeal.  Dkt. 95.  He

1

argues that he is not likely to flee or to pose a danger to the community and that his appeal raises substantial questions of law or fact. *Id.* The Court is unpersuaded.

The standard for granting release after sentencing is considerably more demanding than the standard for pretrial release. Under 18 U.S.C. § 3143(b), the Court is required to "order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained, unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>     (i) reversal,
>
>     (ii) an order for a new trial,
>
>     (iii) a sentence that does not include a term of imprisonment, or
>
>     (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Here, the Court need reach only the second prong: Because Defendant has failed to establish that his appeal raises a substantial question or law or fact likely to result in one of the enumerated forms of relief, he is not eligible for release pending appeal. In light of that conclusion, the Court need not—and does not—address whether Defendant has shown by clear and convincing evidence that he is not likely to flee or to pose a danger to the community.

Defendant argues that two "substantial question of law or fact [are] likely to result in" either the reversal of his conviction or an order for a new trial. Dkt. 95 at 1. First, he argues that this Court "erred in denying [his] motion for change in venue." *Id.* Second, he contends that this Court "erred in denying [his] motion for judgment of acquittal under Federal Rule of

Criminal Procedure 29." *Id.* Neither argument is developed in any detail, and neither argument raises any issue not previously considered and decided by the Court.

As to Defendant's first argument, that the Court erred in denying his motion for a change of venue, the Court concludes that he has failed to raise any "substantial question of law or fact likely to result in . . . reversal [or in] an order for a new trial." 18 U.S.C. § 3143(b)(1)(B). This Court has considered—and rejected—many (likely dozens) of similar motions in cases arising from the assault on the Capitol on January 6, 2021. Yet, Defendant fails to identify a single successful such motion, nor has he identified a single case in which this Court or the Court of Appeals has granted release pending appeal on the ground that the Court of Appeals is "likely" to conclude that a change of venue was required as matter of law. The Court notes, moreover, that the jury selection process merely confirmed the Court's conclusion that a change of venue was unnecessary. More importantly, Defendant's motion for release pending appeal says nothing at all about the merits of this issue.

Defendant's second argument, that the Court of Appeals is likely to conclude that this Court erred in denying his motion for a judgment of acquittal, fares no better. Again, Defendant offers no new argument and fails to mention a single fact in his motion for release pending appeal. Nor does the Court have any reason to believe that the Court of Appeals is "likely" to conclude that this Court erred in denying his motion for a judgment of acquittal. When he previously argued that issue, he posited that no reasonable jury could have found beyond a reasonable doubt that he knowingly enter a restricted building because he was, in fact, pushed in to the Capitol; that Defendant's conduct was disorderly or disruptive because it was not, or that Defendant paraded, demonstrated, or picketed because he did not. *See* Dkt. 72, Dec. 8, 2022 Trial Tr. at 158:1–159:18; *see also id.* at 165:9–168:6 (Court's ruling); Dkt. 66-1. As the Court

has previously explained, each of those contentions lacks merit, and the Court denied Defendant's motion over the course of a nearly three-hour hearing on March 7, 2023.[1] For present purposes, the Court need not repeat what it has already said.

Defendant's parsimonious motion for release pending appeal offers no argument whatsoever—and certainly no reasons—to question this Court's prior rulings, and it fails to persuade the Court that the Court of Appeals is likely to conclude that Defendant's conviction should be set aside or that he is entitled to a new trial. Accordingly, the motion is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  June 21, 2023

---

[1] The Court reserved judgment as to Count 2, Disorderly or Disruptive Conduct in a Restricted Building in violation of 18 U.S.C. § 1752(a)(2), because Defendant raised a new argument for the first time in the motions hearing. *See* Dkt. 80 at 2. The Court later rejected that argument as both forfeited and without merit in a follow-up opinion. *See* Dkt. 80.