UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>                  v.<br><br>HECTOR VARGAS,<br><br>                  Defendant. | Case No. 1:21-cr-00047-RDM |

**MOTION FOR REFUND OF RESTITUTION, FINE, AND ASSESSMENT PAYMENTS AND FOR RETURN OF PERSONAL PROPERTY**

Former Defendant Hector Vargas, by and through undersigned counsel, respectfully moves this Court, under its ancillary jurisdiction and/or Federal Rule of Criminal Procedure 41(g), for (1) the refund of restitution, fine, and special assessment payments paid pursuant to his now-vacated conviction; and (2) the return of personal property (his mobile phone) seized in connection with the now-dismissed case. Counsel has conferred with the government regarding this motion. The government opposes this motion.

BACKGROUND

On February 4, 2025, the United States Court of Appeals for the D.C. Circuit vacated Mr. Vargas's conviction and remanded with instructions for this Court to dismiss the case as moot. See ECF 154; USCA Case No. 23-3059. On February 5, 2025, this Court dismissed the case pursuant to the Court of Appeals' Order.

Prior to these rulings, Mr. Vargas paid:
- $500 in restitution
- $70 in a special assessment
- $1,456.19 toward a $2,500 fine

Proof of these payments is attached as Attachment 1. The total amount paid

by Mr. Vargas is $2,026.19.

On March 1, 2025, counsel for Defendant Hector Vargas submitted a formal written request to the Clerk of Court seeking a refund of restitution, fine, and criminal assessment payments, explicitly citing *Nelson v. Colorado*, 581 U.S. 128 (2017). A copy of this letter is attached as Attachment 2.

On March 7, 2025, the Clerk of Court Finance Office responded by email, declining to issue a refund. The Clerk's response relied on Knote v. United States, 95 U.S. 149 (1877), and did not address or acknowledge Nelson. A copy of this email is attached as Exhibit 3.

LEGAL STANDARD AND ARGUMENT

1. Vacatur Requires Refund of Monetary Penalties

As in *Nelson v. Colorado*, 581 U.S. 128 (2017), and *United States v. Lewis*, 921 F.2d 563 (5th Cir. 1991), vacatur of a conviction eliminates any legal basis for the government to retain fines, restitution, or assessments. In Nelson, the Supreme Court made clear that the government may not retain funds collected under a conviction that has been invalidated without violating due process. The government's position in this case, which asserts continued retention of funds despite the vacatur of Mr. Vargas's con...

2. Restitution Paid to a Federal Agency is Recoverable

Payments disbursed to the Architect of the Capitol, a federal agency, remain within government control. Unlike payments made to private victims, there is no equitable barrier to refund. Further, the judgments against Mr. Vargas cited 18 U.S.C. §§ 3663 and 3663A as the statutory basis for the restitution orders. These statutes authorize restitution only as part of a criminal sentence imposed upon conviction. *See Hughey v. United States*, 495 U.S. 411 (1990). Without a valid conviction, restitution under these provisions cannot stand.

3. Response to Clerk's Reliance on *Knote v. United States*

*Knote* is inapplicable here. It addresses a pardon, not a vacatur. A vacatur voids the conviction ab initio. There is no lawful basis for retention of funds.

Restitution, fines, and assessments are all criminal penalties dependent upon a valid conviction. Once that conviction is vacated, the legal foundation for these penalties is nullified. It does not matter the reason for the vacatur.

4. Defendants Had No Choice But to Pay

At the time of payment, Mr. Vargas had no choice but to comply with the court's restitution, fine, and assessment orders. These payments were compulsory and enforced by the threat of additional penalties and enforcement actions. Mr. Vargas was not a voluntary payor; he acted under legal compulsion. To allow the government to retain these funds following vacatur, when there is no longer a lawful obligation, is inconsistent with fundamental fairness and due process.

5. Ancillary Jurisdiction Supports Relief

This Court has ancillary jurisdiction to order return of funds and property. *See Morrow v. District of Columbia*, 417 F.2d 728 (D.C. Cir. 1969); *Doe v. Webster*, 606 F.2d 1226 (D.C. Cir. 1979); *United States v. Garcia*, 65 F.3d 17 (4th Cir. 1995).

6. Return of Personal Property (Mobile Phone)

Mr. Vargas further requests the return of his personal property, specifically his mobile phone, which was seized by law enforcement on January 19, 2021, at the time of his arrest. The government retained possession of the phone during the pendency of Mr. Vargas's appeal, citing the need to preserve the device and its contents while the appeal was pending.

The government listed Mr. Vargas's mobile phone as an exhibit on its Government Exhibit List (ECF No. 56), filed on December 9, 2022. This further confirms the government's continued possession and control of the device in connection with its prosecution of this case, which has since been vacated and dismissed.

However, Mr. Vargas's appeal has concluded. On February 4, 2025, the United States Court of Appeals for the D.C. Circuit vacated his conviction and remanded with instructions to dismiss the case as moot. This Court subsequently dismissed the case on February 5, 2025. As a result, there is no

longer any lawful basis for the government to retain Mr. Vargas's property.

Despite multiple requests by counsel, the government has not returned Mr. Vargas's phone and has not provided contact with an appropriate official or agency responsible for the return of the property. Relief is sought under this Court's ancillary jurisdiction and/or Federal Rule of Criminal Procedure 41(g).

Mr. Vargas respectfully requests that this Court order the United States to take all necessary steps to return his mobile phone forthwith, which was seized on or about January 19, 2021, is listed as an exhibit in ECF No. 56, and is no longer lawfully subject to retention.

RELIEF REQUESTED

Mr. Vargas respectfully requests an Order:

1. Directing the Clerk of Court, or any agency or entity of the United States that has received restitution, fine, or criminal assessments from Mr. Vargas, to refund $2,026.19;

2. Ordering the United States to take all necessary steps to return Mr. Vargas's mobile phone forthwith, which was seized on or about January 19, 2021, is listed as an exhibit in ECF No. 56, and is no longer lawfully subject to retention.

Dated: March 14, 2025

                                                                     Respectfully submitted

                                                                      /s/ Nandan Kenkeremath

                                                                      Nandan Kenkeremath
                                                                      DC Bar 384732
                                                                      USDC DC 384732
                                                                      2707 Fairview Court
                                                                      Alexandria, Virginia 22311
                                                                      703-407-9407

                                                                      *Counsel for Hector Vargas*